# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-60422
Summary Calendar

ADIS ZULEMA MARTINEZ-GARCIA

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A78 283 608

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Adis Zulema Martinez-Garcia (Martinez), together with her derivative beneficiaries Manuel Obdulio Reyes Meras and Vanessa Yamaly Reyes-Martinez, petition for review of the decision of the Board of Immigration Appeals (BIA) affirming the decisions of the immigration judge (IJ) to deny their application for asylum, withholding of removal, and relief under the Convention Against Torture. The petitioners contend that the IJ erred in denying their request to subpoena Special Agent Joseph Lerma of the United States

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Immigration and Customs Enforcement to testify at the hearing. They have not established that the IJ abused her discretion in concluding that Lerma's live testimony was not essential to the proceedings. *See* 8 C.F.R. § 1003.35(b)(3); *Guevara Flores v. INS*, 786 F.2d 1242, 1252 (5th Cir. 1986).

The petitioners contend that they have presented credible evidence of a well-founded fear of persecution in Honduras based upon Martinez's cooperation with United States officials to provide information about an international smuggling ring. They maintain that they have established that they are members of a particular social group, comprising either their immediate family or "individuals who have cooperated with government authorities in the past and, because of such cooperation, are being targeted by a network of criminals that the government is unable to control." The petitioners have not established that they are subject to persecution as members of a generally visible social group. *See In re E-A-G-*, 24 I&N Dec. 591, 594 (BIA 2007). Additionally, the petitioners' fear arises from a personal dispute with the smuggling ring, which does not qualify for asylum. *See Eduard v. Ashcroft*, 379 F.3d 182, 190 (5th Cir. 2004); *see also E-A-G-*, 24 I&N Dec. at 594.

Because the petitioners have not satisfied the asylum standard, they cannot meet the more stringent standard for withholding of removal. *See Eduard*, 279 F.3d at 186 n.2. The petitioners' claims under the Convention Against Torture is also without merit, as the record does not compel a finding that the Honduran government will acquiesce in any torture. *See Chen v. Gonzales*, 470 F.3d 1131, 1141 (5th Cir. 2006); *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006); *Bah v. Ashcroft*, 341 F.3d 348, 352 (5th Cir. 2003). The petition for review is DENIED.